<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :        Chapter 7
                                                    :
    MICHAEL RITTER,                              :        Case No. 05-36150 (CGM)
                                                    :
                   Debtor.                        :
------------------------------------------------------------x
                                                    :
ANN MARIE WOODS,                                    :        Adv. Proc. No. 05-9406
                                                    :
                   Plaintiff          :
                                                    :
    - against -                                   :
                                                    :
MICHAEL RITTER                                      :
d/b/a AMERICAN IMPROVEMENT CO.,                     :
                                                    :
                   Defendant.         :
------------------------------------------------------------x
                                                    :
SANDRA M. TRAUTMAN,                                 :        Adv. Proc. No. 05-9407
                                                    :
                   Plaintiff          :
                                                    :
    - against -                                   :
                                                    :
MICHAEL RITTER                                      :
d/b/a AMERICAN IMPROVEMENT CO.,                     :
                                                    :
                   Defendant.         :
------------------------------------------------------------x

**MEMORANDUM DECISION GRANTING MOTION FOR SUMMARY JUDGMENT OF
PLAINTIFF ANN MARIE WOODS AND
<u>GRANTING SUMMARY JUDGMENT *SUA SPONTE* TO SANDRA M. TRAUTMAN</u>**

**A P P E A R A N C E S :**

Joseph Haspel, Esq.
40 Matthews Street
Goshen, New York
*Attorney for plaintiff Ann Marie Woods*

Sandra Trautman, *plaintiff pro se*

John J. Fallon, Esq.
McAdam & Fallon, P.C.
90 Scofield Street
Walden, New York
*Attorneys for the debtor/defendant*

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Debtor filed this Chapter 7 petition on May 3, 2005. The two above-captioned adversary proceedings were timely commenced against the Debtor, each objecting to the dischargeability of debts under 11 U.S.C. § 523(a)(2) and (7). Both complaints were filed *pro se*. Plaintiff Ann Marie Woods obtained counsel and moved for summary judgment on the cause of action under Section 523(a)(7). A hearing was held on October 24, 2006 to consider Ms. Woods' summary judgment. The Court awarded ruled in favor of Ms. Woods for the reasons set forth below. Upon the undisputed facts in the Woods case, the Court also awards summary judgment, *sua sponte*, to Troutman, applying the doctrine of collateral estoppel.

**JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. A determination as to the dischargeability of a debt is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I).

**DISCUSSION**

I.  **Standards for Granting Summary Judgment**

Pursuant to Rule 56(c), incorporated by Bankruptcy Rule 7056(c), summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)).

II.  **Non-Dischargeability Under 11 U.S.C. § 523(a)(7)**

A single undisputed fact is controlling in each adversary proceeding, an order issued by the Criminal Court, Village of Chester, pursuant to Section 190.60 of the New York Penal Law, imposing restitution totaling $27,000, of which $20,000 was to be paid to Ms. Woods, and $7,000 to Ms. Troutman.[1]  The order (hereafter the "Restitution Order") bears the caption THE PEOPLE OF THE STATE OF NEW YORK v. MICHAEL RITTER.  The Restitution Order is dated December 9, 2004 and is captioned "RESTITUTION ORDER (Judgment Only)."  The restitution order also states:

> The Office of the District Attorney is directed to file a certified copy of this Restitution Order with the County Clerk of Orange County, and the County Clerk is directed to enter the Order in the same manner as a judgment in a civil action, in the principal sum designated for each beneficiary specified herein, in favor of each beneficiary as judgment creditor.

---

[1] The copy of the Restitution Order submitted as an exhibit to the summary judgment motion is difficult to read, but the Debtor does not dispute that these are the numbers in the Restitution Order.

- 3 -

Bankruptcy Code Section 523(a)(7) states in relevant part that a chapter 7 discharge does not discharge an individual debtor from any debt –

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss[.]

In *Kelly v. Robinson*, 479 U.S. 36, 52, 107 S.Ct. 353, 362 (1986), the Supreme Court ruled that "§523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence," including restitution payments. 479 U.S. at 50. Here, the parties agree that the Defendant was under indictment for an unrelated felony charge and was offered a reduction in the felony charge to a Class A Misdemeanor "with the understanding and agreement of the People, represented by the Orange County District Attorney, and of the court, that Defendant would receive the maximum term of incarceration for a Class A Misdemeanor, to wit: 1 year of incarceration which term of imprisonment was to run concurrently with his Felony sentence, in effect resulting in no additional time." Defendant's Statement of Undisputed Facts, ¶15. Defendant also agrees: "Apparently as part of the sentence of the Justice court Village of Chester, a restitution order was also entered." *Id.* at ¶16. Although the Defendant claims to have no recollection of this, it is not disputed that the Restitution Order was filed with the Orange County Clerk.

The Debtor makes much of the fact that the Restitution Order is labeled "RESTITUTION ORDER (Judgment Only)". Debtor argues:

> The restitution order refers to Section 60.27 of the New York State Penal Law which section then refers to sections 420.10, 420.20 and 420.30 of the New York State Criminal Procedure Law.

> A review of those sections reveals that pursuant to section 420.10, the court may direct that the payment under the restitution order be paid at the time of sentence, at a later date, or a specific portion designated at periodic intervals [420.10(1)].

> Under the circumstances of this particular case, the maximum term of imprisonment allowed by New York State law was imposed. The court was limited in its ability to require actual payment of any restitution by any specified date or time due to the fact that if it made such an order and the Defendant failed to comply, the court was powerless to then punish or in any way obligate the Defendant to make any payments.
>
> Therefore, it was limited to ordering a civil judgment to be filed and a civil proceeding to collect the judgment [420.10(6)CPL] would then have to be commenced by the Plaintiff.

Debtor's Statement of Undisputed Facts, ¶¶ 20-23. Debtor's argument is that the Restitution Order was converted "from a criminal [judgment] to that of a civil judgment," and that this somehow renders the Restitution Order dischargeable. *Id.* at ¶28. Debtor also argues "no mechanics was [sic] put in place for the Defendant to have to pay anything." Debtor's Memorandum of Law, p. 2. Ms. Woods answers: "One need only look at the Restitution Order to determine that it was part and parcel of the penalty phase of the criminal proceeding." She observes that the caption of the Restitution Order is: *People of the State of New York v. Michael Ritter* and is founded upon a conviction under the Penal Law.

Even if true, Debtor's arguments fail to show that the Restitution Order ceased to be a debt "payable to and for the benefit of a governmental unit" as the phrase in Section 523(a)(7) has been interpreted by the Supreme Court.

In *Kelly v. Robinson,* the Court cited "the history of bankruptcy court deference to criminal judgments," "the interests of the States in unfettered administration of their criminal justice systems," and "a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Id*. at 43-39. The *Kelly* case has withstood the test of time:

> Since *Kelly* was decided in 1986, Congress has taken no action to modify or abrogate Kelly's exception of state criminal restitution orders from chapter 7 bankruptcy proceedings. To the contrary, Congress expressly extended that exception to discharge orders in chapter 13 proceedings, and has codified the exception from discharge of federal criminal restitution orders[.]

- 5 -

*In re Troff*, 329 B.R. 85 (Bankr. D. Utah 2005) (footnote omitted).

*Kelly*, like this case, concerned the dischargeability of an order of restitution. In *Kelly* the restitution payments were a condition to probation after the Debtor plead guilty to larceny in the second degree. *Id.* at 38-39. In holding that the restitution payments were non-dischargeable, the Supreme Court rejected arguments that two qualifying clauses in Section 523(a)(7) rendered restitution payments dischargeable. The appellants argued that unlike traditional fines, restitution payments are forwarded to the victim and "may be calculated by reference to the amount of harm the offender has caused." *Id.* at 51-51. In other words, the appellants in *Kelly* argued that restitution payments are dischargeable when they are not both "to and for the benefit of a governmental unit" or where they represent "compensation for actual pecuniary loss." The Supreme Court reasoned:

> In our view, neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution. The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

*Id.* at 52. The Supreme Court's holding in *Kelly* reversed the Second Circuit's ruling that the restitution award was dischargeable because "[t]he amount of restitution … was precisely $9,932.95," and "was designed to be, among other things, compensation for … actual pecuniary loss." *In re Robinson*, 776 F.2d 30, 41 (2d Cir. 1985).

Under *Kelly*, a restitution order that directs payments to an entity other than a governmental unit is non-dischargeable under Section 523(a)(7) so long as the restitution is

designed to benefit "society as a whole," and furthers "the penal goals of the State and the situation of the defendant". 479 U.S. at 52.

The sections of the New York Penal Law cited by the Defendant underscore the fact that the Restitution Order in this case was designed to further penal goals of the State, and not for the compensation of the victim:

- New York Penal Law § 60.27, subd. 1 states: "<u>In addition to any of the dispositions authorized by this article, the court shall consider restitution</u> or reparation <u>to the victim</u> of the crime <u>and may require restitution</u> or reparation <u>as part of the sentence imposed</u> upon a person convicted of an offense, and after providing the district attorney with an opportunity to be heard in accordance with the provisions of this subdivision, require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby" (emphasis added);

- New York Penal Law § 60.27, subd. 2 states: "<u>Whenever the court requires restitution or reparation to be made, the court must make a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim</u> caused by the offense. In making this finding, the court must consider any victim impact statement provided to the court. If the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law" (emphasis added);

- New York Penal Law § 60.27, subd. 3 states: "The provisions of sections 420.10, 420.20 and 420.30 of the criminal procedure law shall apply in the collection and remission of restitution and reparation."

- Section 420.10 of the New York Criminal Procedure Law states:

    The court *may* direct:
    (i) That the defendant pay the entire amount at the time sentence is pronounced;
    (ii) That the defendant pay the entire amount at some later date; or
    (iii) That the defendant pay a specified portion at designated periodic intervals.
  (emphasis added).  Thus, the New York Criminal Procedure Law authorizes, but does not require the court to direct a payment mechanism.

- Subdivision 6 of Section 420.10 of the New York Criminal Procedure Law contains the caption "Civil proceeding for collection" and states:

    (a) A fine, <u>restitution</u> or reparation <u>imposed</u> or directed <u>by the court shall be imposed or directed by a written order of the court containing the amount thereof required to be paid by the defendant. The court's order also shall direct</u>

- 7 -

<u>the district attorney to file a certified copy of such order with the county clerk of the county in which the court is situate</u> except where the court which issues such order is the supreme court in which case the order itself shall be filed by the clerk of the court acting in his or her capacity as the county clerk of the county in which the court is situate. <u>Such order shall be entered by the county clerk in the same manner as a judgment in a civil action</u> in accordance with subdivision (a) of rule five thousand sixteen of the civil practice law and rules. <u>Even if the defendant was imprisoned for failure to pay such fine, restitution or reparation, or has served the period of imprisonment imposed, such order after entry thereof pursuant to this subdivision may be collected in the same manner as a judgment in a civil action by the victim, as defined in paragraph (b) of subdivision four of section 60.27 of the penal law, to whom restitution or reparation was ordered to be paid, the estate of such person or the district attorney</u>. The entered order shall be deemed to constitute a judgment-roll as defined in section five thousand seventeen of the civil practice law and rules and immediately after entry of the order, the county clerk shall docket the entered order as a money judgment pursuant to section five thousand eighteen of such law and rules. Wherever appropriate, the district attorney shall file a transcript of the docket of the judgment with the clerk of any other county of the state. Such a restitution or reparation order, when docketed shall be a first lien upon all real property in which the defendant thereafter acquires an interest, having preference over all other liens, security interests, and encumbrances whatsoever, except:

   (i) a lien or interest running to the benefit of the government of the United States or the state of New York, or any political subdivision or public benefit corporation thereof; or

   (ii) a purchase money interest in any property.

(b) <u>The district attorney may, in his or her discretion, and must, upon order of the court, institute proceedings to collect such fine, restitution or reparation.</u>

(emphasis added).

The foregoing sections demonstrate that criminal courts may consider restitution orders as part of criminal sentences, and that such orders "shall be entered by the county clerk in the same manner as a judgment in a civil action." Furthermore, the district attorney continues to have an interest in the restitution orders and may institute proceedings for collection.

In *In re Gelb*, 187 B.R. 87, 91-92 (Bankr. E.D.N.Y. 1995), Chief Judge Duberstein refuted claims that a debt did not fit within the definition of Section 523(a)(7) where the victim's

- 8 -

loss was the sole consideration in determining the amount of the restitution order and was therefore compensatory rather than penal in nature:

> [T]he amount of a restitution order is clearly distinguishable from its purpose. As noted by the *Kelly* Court, a pivotal feature of restitution is its relationship to the pecuniary loss of the victim. But, the Supreme Court concluded that restitution orders "are not assessed 'for … compensation' of the victim," but rather to promote "the penal and rehabilitative interests of the State." *Kelly,* 479 U.S. at 53, 107 S.Ct. at 363. "[A]lthough restitution does resemble a judgment 'for the benefit of' the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution."

*Id.* at 91-92 (alteration in original) (first citation omitted). Upon the foregoing, the Restitution Order is a debt of the type specified in Section 523(a)(7), and Plaintiff Ann Marie Woods is entitled to summary judgment in the amount of $20,000.

### III.     Award of Summary Judgment to Troutman *Sua Sponte* is Appropriate in this Case

Although not expressly authorized by Fed. R. Civ. P. 56 or Bankruptcy Rule 7056, the Second Circuit has acknowledged that the practice of granting summary judgment *sua sponte* "has become an accepted method of expediting litigation." *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991). A *sua sponte* award of summary judgment is appropriate where the trial court has taken care to "give the parties an opportunity to present materials in opposition to the motion." *FLLI Moretti Cereali v. Cont'l Grain Co.*, 563 F.2d 563, 565 (2d Cir. 1977).

The Debtor had a full opportunity to argue the issues on summary judgment in Ms. Woods' case. Ms. Troutman's case concerns the dischargeability of the same Restitution Order. Thus, the Court is permitted to consider, *sua sponte*, whether the award of summary judgment to Ms. Woods entitles Ms. Troutman to summary judgment under the doctrine of collateral

estoppel. The doctrine of collateral estoppel, also known as issue preclusion, applies if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the first proceeding. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005). The non-dischargeability of the Restitution Order was the key issue that was actually and necessarily decided in Ms. Woods' summary judgment motion. The same Restitution Order and the same legal standards are applicable to Ms. Troutman's cause of action under Section 523(a)(7). Because the Debtor had a full and fair opportunity to defend the summary judgment motion in Ms. Woods' case, the Court will apply the doctrine of collateral estoppel and grant summary judgment to Ms. Troutman in the amount of $7,000.

## **CONCLUSION**

Upon the foregoing, summary judgment is awarded to both Plaintiffs on their cause of action pursuant to 11 U.S.C. § 523(a)(7). The Court will issue a separate order consistent with this decision.

Dated: Poughkeepsie, New York
      October 27, 2006            /s/ Cecelia Morris
                                           CECELIA G. MORRIS
                                           UNITED STATES BANKRUPTCY JUDGE